LAW LIBRARY

FILED
~~R COURT
2013 AUG -7 PM 2: 47
CLERK OF COURT

### IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0689-12 |
| v. | **DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THREE OF THE SECOND CHARGE OF THE INDICTMENT** |
| YASUHIRO MAEDA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on July 9, 2013 for a Criminal Trial Setting. During the hearing, it was noted that a decision on Defendant Yasuhiro Maeda's ("Defendant" or "Maeda") Motion to Dismiss Counts Two and Three of the Second Charge (the "Motion to Dismiss"), filed on March 1, 2013, was still outstanding following the recusal of the Honorable James L. Canto II ("Judge Canto"). Assistant Attorney General Lisa Hack represented the People of Guam (the "People") and Attorney Jeffrey Cook represented Defendant Yasuhiro Maeda, who was also present with a Japanese language interpreter. No oral argument was requested nor had on Defendant's Motion to Dismiss. This Court, having considered the Motion, the People's Non-Opposition, and the applicable statutes and case law, issues the following written Decision and Order DENYING the Motion to Dismiss Counts Two and Three of the Second Charge of the Indictment.

## BACKGROUND

**1.      Procedural History.**

On December 8, 2012, Defendant was charged via Magistrate's Complaint with Simple Stalking as a Third Degree Felony under 9 GCA §§ 19.70(a) and (d), five counts of Harassment as a Petty Misdemeanor under 9 GCA § 61.20(b), and Harassment as a Petty misdemeanor under

Decision and Order on Motion to Dismiss
Counts Two and Three of Second Charge
Case No. CF0689-12

9 GCA § 61.20(c). Magistrate's Compl. (December 8, 2012). He was brought before the magistrate judge and released on the same date. Subsequently, on December 28, 2012, a true bill was issued by the Territorial Grand Jury indicting the Defendant with Simple Stalking as a Third Degree Felony under 9 GCA §§ 19.70(a) and (d); three (3) counts of Harassment as a Petty Misdemeanor under 9 GCA § 61.20(b); and Harassment as a Petty Misdemeanor under 9 GCA § 61.20(c). On January 18, 2013, the matter was assigned to Judge Canto. Maeda filed a Notice of Assertion of Speedy Trial on February 15, 2013, and Jury Selection and Trial was scheduled to commence on April 17, 2013. A hearing on all motions was scheduled for March 4, 2013; however, on March 1, Maeda filed the instant Motion to Dismiss and Judge Canto granted the People's request for an opportunity to respond. The People filed a Non-Opposition to the Motion on April 10, 2013. On May 3, 2013, the matter was brought before Judge Canto for a status hearing at which time he recused himself from this case. On May 17, 2013, it was reassigned to the undersigned judge. The speedy trial clock has been tolled since the filing of this Motion to Dismiss, pending its final disposition.[1]

## 2.      Defendant's Motion to Dismiss Counts Two and Three of the Second Charge.

Defendant moves for the dismissal of Counts Two and Three of the Second Charge of the Indictment on the basis that those charges were untimely filed and therefore barred by the one year statute of limitations pursuant to 8 GCA § 10.30 requiring that the prosecution for any offense that is not a felony be commenced "within (1) year after it is committed." *See* Mem. of

---

[1] There is some dispute in the record regarding on what date the speedy trial clock began tolling. Defendant's Motion to Dismiss was filed on March 1, 2013, thereby effectively tolling the 60-day period by which defendant was to be brought to trial, as it is a substantive motion. However, other dates include March 3, 2013; March 4, 2013 (the date scheduled for hearing on all motions); and March 12, 2013 (a date that Judge Canto is purported to have taken the instant motion "under advisement"). Although Judge Canto did indicate that he would take the matter "under advisement" upon submission of all documents for his consideration, the time in which a court takes a matter under advisement does not determine the date on which speedy trial was tolled. The matter of whether the Defendant's right to speedy trial has been violated is the subject of a separate Motion to Dismiss Indictment for Violation of Speedy Trial Right and the Court does not address the substance of that motion here.

Decision and Order on Motion to Dismiss
Counts Two and Three of Second Charge
Case No. CF0689-12

Law in Supp. of Mot. to Dismiss Counts Two and Three of the Second Charge at 2, ¶ 5 (March 1, 2013). Defendant's Indictment charges, in relevant part, as follows:

## SECOND CHARGE

### Count Two

On or about the period between February 1, 2011 through December 5, 2012, inclusive, in Guam, **YASUHIRO MAEDA** did commit the offense of *Harassment,* in that, with intent to harass another, namely, *A.I. (DOB: 05/07/1979)*, subjected her to offensive touching by touching the victim's right inner thigh with the Defendant's hand while at the Trench Restaurant, in violation of 9 GCA § 61.20(b), as amended.

### Count Three

On or about the period between February 1, 2011 through December 5, 2012, at a time different than that alleged in the Second Charge, Count Two, above, inclusive, in Guam, **YASUHIRO MAEDA** did commit the offense of *Harassment,* in that, with intent to harass another, namely, *A.I. (DOB: 05/07/1979)*, subjected her to other offensive touching by touching the victim's right inner thigh with the Defendant's hand while at the Trench Restaurant, in violation of 9 GCA § 61.20(b), as amended.

Maeda contends that the only evidence presented to the grand jury was that the alleged conduct occurred sometime in February of 2011. *Id.* ¶¶ 3-4. The two counts must, therefore, be dismissed because more than one year had passed from the date of the alleged conduct to the date the indictment was filed. *Id.* ¶¶ 6-8. The People filed a Non-Opposition to the Motion. *See* People's Non-Opposition to Defendant's Mot. to Dismiss Counts Two and Three of the Second Charge (3/10/2013). Notwithstanding the People's Non-Opposition, however, this Court considers the substance of Maeda's argument in determining whether dismissal is in the interest of justice. *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 28 ("[W]e emphasize that . . . the filing of a notice of non-opposition to a motion . . . does not require a court to automatically grant the motion and is not dispositive of the motion itself.").

Decision and Order on Motion to Dismiss
Counts Two and Three of Second Charge
Case No. CF0689-12

## LAW AND ANALYSIS

The statute of limitations on the crime of harassment is one year. 8 G.C.A. § 10.30 (2005) ("A prosecution for any offense which is not a felony shall be commenced within (1) year after it is committed."). A prosecution commences "when either an indictment is presented in open court and there received and filed or a complaint is filed." *People v. Stephen*, 2009 Guam 8 ¶ 27 (*quoting* 8 G.C.A. § 10.70 (2005)). Additionally, where, as here, an indictment charges that an offense was committed "on or about" a named date, the exact date need not be proved, unless the time is a material element of the offense. *People v. Diaz*, 2007 Guam 3 ¶ 40. See also, *United States v. Harrison-Philpot*, 978 F2d 1520, 1526 (9th Cir. 1992) (citing *United States v. Laykin*, 886 F.2d 1534, 1544 (9th Cir. 1989), *cert. denied*, 496 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1990). Indeed, where an indictment charges that the offense occurred "on or about" a certain date, the defendant is on notice that a particular date is not critical. *Lazo v. U.S.*, 54 A.3d 1221, 1229 (D.C. 2012) (citing *Jones v. U.S.*, 716 A.2d 160, 166 (D.C. 1998).

The Indictment charges Defendant with, among other things, two counts of Harassment – alleged to have occurred on two different occasions within a certain period of time – well within one year of the filing date of the Indictment. In fact, the latest date on which the acts are alleged to have occurred precedes the date of the initial Magistrate's Complaint by only three (3) days, and the indictment by only twenty-three (23) days. Defendant does not allege in his moving papers that the Indictment *on its face* is invalid because the period during which the acts set forth in Counts Two and Three of the Second Charge fall outside the statute of limitations; it is clear that such period falls within the relevant statute of limitations. Instead, Defendant requests this Court invade the province of the grand jury and conduct an independent inquiry into whether the evidence presented to it was sufficient to support a true bill as issued. This Court simply cannot

-4-

Decision and Order on Motion to Dismiss
Counts Two and Three of Second Charge
Case No. CF0689-12

and will not do so. "[W]hen a duly constituted grand jury returns an indictment valid on its face, no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision. . . . To do so would further invade the independence of the grand jury." *U.S. v. Basurto*, 497 F.2d 781, 785 (Ct. App. Arizona 1974) (citing *Costello v. United States*, 350 U.S. 359, 76 S. Ct. 406, 100 L. Ed. 397 (1956)).

Maeda's Notice of Motion to Dismiss alleges also that the Indictment as presented constitutes a violation of his Fifth Amendment right; however, the argument is not articulated in the Memorandum of Points and Authorities itself. In any event, this Court rejects this argument under the circumstances as presented. As the United States Supreme Court reasoned in *Costello*, 350 U.S. at 364:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

> Petitioner urges that this Court should exercise its power to supervise the administration of justice in federal courts and establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial.

Decision and Order on Motion to Dismiss
Counts Two and Three of Second Charge
Case No. CF0689-12

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Counts Two and Three of the Second Charge is DENIED.

It is **SO ORDERED** this 7th day of August, 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

8-7-13

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam

-6-